## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE

| | |
|---|---|
| RIMCO, INC., | |
| *Plaintiff,* | |
| *v.* | |
| UNITED STATES, | Court No. 21-537 |
| *Defendant,* | |
| and | |
| ACCURIDE CORPORATION | |
| *Proposed Defendant-Intervenor.* | |

## ORDER

Upon consideration of the Accuride Corporation's ("Proposed Defendant-Intervenor")

motion to deem as filed Proposed Defendant-Intervenor's Response to the Motion to Dismiss, it

is hereby

**ORDERED** that Proposed Defendant-Intervenor's Response to the Motion to Dismiss is

accepted for consideration.

**SO ORDERED.**

_____
Hon. Mark A. Barnett, Judge

Dated: _____ 2022
New York, New York

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| RIMCO, INC., | |
| *Plaintiff,* | |
| *v.* | |
| UNITED STATES, | Court No. 21-537 |
| *Defendant,* | |
| and | |
| ACCURIDE CORPORATION | |
| *Proposed Defendant-Intervenor.* | |

## PROPOSED RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Proposed Defendant-Intervenor Accuride Corporation ("Accuride" or "Proposed Defendant-Intervenor") respectfully submits its proposed response to Defendant's Motion to Dismiss this case (ECF No. 32). This response is timely filed by the extended deadline for responses to Defendant's Motion set by this Court. *See* ECF No. 36. While Proposed Defendant-Intervenor has moved for permissive intervention in this action (*see* ECF No. 14, 25), the Court has not yet ruled on that motion. Proposed Defendant-Intervenor therefore submits this response as a proposed response should the Court grant the motion to intervene, and asks that if the Court does grant the motion to intervene this proposed response be deemed filed. An order to that effect is attached. Proposed Defendant-Intervenor recognizes that if the Court grants the Motion to Dismiss this case, Proposed Defendant-Intervenor's motion to intervene and the need for this response to be deemed filed become moot. *See, e.g.*, *TR Int'l Trading Co. v. United States*, 433 F. Supp. 3d 1329, 1346 (Ct. Int'l Trade 2020), *aff'd sub nom. TR Int'l Trading Co., Inc. v. United*

1

*States*, 4 F.4th 1363 (Fed. Cir. 2021) (dismissing as moot a motion to intervene after granting a defendant's motion to dismiss for lack of jurisdiction). As Proposed Defendant-Intervenor fully agrees with Defendant's position that this Court unmistakably lacks jurisdiction over Plaintiff's claims, Proposed Defendant-Intervenor believes that dismissal is the appropriate outcome here as well.

Defendant's Motion sets out in detail the legal arguments establishing that this Court lacks jurisdiction over Plaintiff's claims and that Plaintiff has failed to state a claim for which this Court can grant relief, requiring Plaintiff's complaint be dismissed. ECF No. 32 at 5-15. Proposed Defendant-Intervenor supports Plaintiff's arguments in full so will not repeat them here. *See* ECF No. 25, *Proposed Defendant-Intervenor's Preposed Answer* at 8 (Proposed Defendant-Intervenor explaining that the Court lacks jurisdiction over Plaintiff's claims and Plaintiff has failed to state a claim upon which relief can be granted). In its Motion, Defendant shows that it is well established in multiple precedential decisions, binding on this Court, that U.S. Customs and Border Protection's ("Customs") role in applying the antidumping ("AD") and countervailing duty ("CVD") decisions made which are made by the Department of Commerce ("Commerce") is purely ministerial. As Defendant shows, the statute does not grant this Court jurisdiction over challenges to those ministerial actions; instead, the actual decisions made by Commerce must be challenged in the proper manner. ECF No. 32 at 8-10.

No matter how creatively a plaintiff pleads, it cannot create jurisdiction where there is none in order to "circumvent statutorily prescribed remedies." *TR Int'l Trading*, 433 F. Supp. 3d at 1343 (citing *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1193 (Fed. Cir. 2018) and *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006)). In this case, Plaintiff's pleading is not even creative. Instead of presenting a creative theory on why a challenge to a

ministerial act by Customs could be allowed regardless of the distinct jurisdictional limits of the statute, Plaintiff simply insists that the Court ignore that Plaintiff's attacks are unmistakably aimed at determinations made by Commerce and accept Plaintiff's pretense otherwise. But this Court does not allow a plaintiff to frame its action in any way it chooses just to create jurisdiction *ex nihilo*. It will instead "look to the true nature of the action" to determine if jurisdiction exists under the statute. *Norsk Hydro*, 472 F.3d at 1355 (*quoting Williams v. Sec'y of Navy*, 787 F.2d 552, 557 (Fed. Cir. 1986)). Here, it indubitably does not.

Plaintiff claims that it "wishes to be clear about what this action is, and what it is not." ECF No. 22 at 2. And Plaintiff has repeatedly made perfectly clear what it is actually seeking to challenge in this action, and that is not any decision made by Customs. Plaintiff admits that CBP's actions "were in accordance with determinations rendered by the United States Department of Commerce." *Id.* Indeed, Plaintiff admits that "Commerce directed Customs to act on the determinations." *Id.* Nowhere does Plaintiff point to a decision made by Customs that it challenges. It cannot, as Customs does not make challengeable decisions in carrying out Commerce's AD and CVD directions as it did here. *See Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994) ("Customs merely follows Commerce's instructions in assessing and collecting duties.…Customs only applies antidumping rates determined by Commerce. Further, Customs has a merely ministerial role in liquidating antidumping duties under 19 U.S.C. § 1514(a)(5).").

Plaintiff elsewhere has argued that this "case is not about Commerce's actions; it is about the *consequences* of those actions…." ECF No. 29 at 2 (emphasis in original). This is no more than empty pedagoguery. Consequences arise only because of actions taken (*i.e.* decisions to act). The statute gives this Court jurisdiction over challenges to certain decisions, such as a

"{p}rotest against *decisions* of Customs Service" (19 U.S.C. § 1514, emphasis added) or over

"certain *determinations*" by Commerce (19 U.S.C. § 1516(a)(1), emphasis added). *See* 28 U.S.C.

§ 1581 (a) and (c). The statute is concerned with what determinations need to be reviewed by the

Court, not what consequences resulting from those decisions may displease a party. The statute

makes clear that the Court reviews "any determination, finding, or conclusion" for whether the

agency made supportable decisions. 19 U.S.C. § 1516(b)(1). If the methodology for making

determination is proper, the Court does not demand the agency reach a preferred outcome or

consequence. *See Ceramica Regiomontana, S.A. v. United States*, 636 F. Supp. 961, 966 (Ct.

Int'l Trade 1986), *aff'd*, 810 F.2d 1137 (Fed. Cir. 1987) ("The deference granted or extended to

the agency's interpretation of its statutory mandate also applies to the methodology that the

agency employs in fulfilling its lawfully delegated mission.").

Not only does the statute and this Court's practice prevent Plaintiff from challenging the

consequences of an agency determination as a matter separate from that determination, the

challenge Plaintiff attempts here demonstrates plainly that the true nature of the challenge is

against Commerce's decisions or actions (however framed), not Customs'. In the single count in

its complaint, Plaintiff repeatedly and openly attacks *Commerce's* (ITA's) actions and decisions:

- "ITA's determination of a 457.10% countervailing duty rate…{evinces} a penal intent;"
- "ITA's determination of a 457.10% countervailing duty rate for 'All Other' respondents…is unlawful….;"
- "ITA's direction to CBP…is further evidence of a penal intent;"
- "ITA's determination of a 231.70% antidumping duty rate… {is} not based on any comparison of normal values… with export prices;"
- "ITA's refusal to direct CBP to make an adequate offset to antidumping duty margins…."

ECF No. 2 at 12-13. In contrast to the many paragraphs Plaintiff uses to attack Commerce,

Plaintiff spends one sentence on Customs: stating that "{t}he countervailing and antidumping

4

rates imposed by CBP on Plaintiff's merchandise were not remedial, but penal in nature." *Id.* at 13. Yet, as quoted above, even Plaintiff is forced to admit elsewhere that Commerce, not Customs, determined and imposed those rates. The same pattern holds in the statement of the facts section of Plaintiff's complaint, where Plaintiff addresses in detail actions taken by Commerce and Plaintiff's claims on the illegality of those actions, but mentions only once—in passing—that Customs assessed those duties: "at the direction of ITA." *Id.* at 2-9. The "true nature" of such a complaint is easily discernable and certainly is not directed at any decision made by Customs.

And while Plaintiff insists that it "does not in this action contend {that the duties imposed by Commerce} in any way violate the antidumping or countervailing duty statutes under which they were rendered," (ECF No. 22 at 2), in its Complaint Plaintiff does just that, arguing that Section 502 of the Trade Preferences Extension Act disallows penal application of adverse rates (ECF No. 2 at 12), that Commerce violated 19 U.S.C. § 1671(a)(2) (*id.*), and that "final antidumping duty rates reflected in the investigation of Certain Steel Wheels do not constitute a measure of the difference between Normal Values and Export Prices or Constructed Export Prices." *Id.* at 9. Again, Plaintiff reveals the true nature of its complaint and what decisions of which agency it hopes to overturn.

Likewise, Plaintiff's insistence that its challenge, if successful, would have no impact on Commerce's AD and CVD orders (and, hence, Plaintiff argues, no effect on Proposed Defendant-Intervenor) (*see, e.g.*, ECF No. 22 at 7-8) is devoid of merit. The purpose of AD and CVD orders is to address injury that is being done to a domestic industry by dumped and subsidized imports. *See* 19 U.S.C. §§ 1671(a), 1673(a). The agency empowered by Congress to determine the duty rates necessary to address that injury (Commerce) here determined that the

rates in these orders were necessary to fulfil that statutory purpose with respect to these imports. Plaintiff seeks to avoid that determination and pay *no* AD or CVD duties on any of its subject imports. Allowing Plaintiff to do so would nullify the protection granted to the domestic industry, as Plaintiff would be permitted to import any volume of subject merchandise into the Untied States without paying the duties that were properly determined to be necessary to counter the injury to the domestic industry. The domestic industry, and hence Proposed Defendant-Intervenor, would thus receive less protection than was intended by the empowered agency. This is not simply a matter between Plaintiff and Customs, as Plaintiff frames it, because Plaintiff's imports are among those that have been properly determined to be dumped, subsidized, and injurious to a domestic industry.

As Proposed Defendant-Intervenor has explained in prior filings, this is precisely why Congress created in the statute a definitive right for parties such as Proposed Defendant-Intervenor to intervene when Commerce's AD and CVD determinations are challenged before this Court: so that domestic parties can protect their own interests, which are necessarily impacted by such determinations. *See* ECF No. 15 at 4-8. Plaintiff's attempts to elude statutory directives on how these determinations can be challenged before this Court would in turn proscribe Proposed Defendant-Intervenor's participation in the case and eradicate Proposed Defendant-Intervenor's ability to advocate for its own interests in the matter, contrary to the intent of the statute. Plaintiff has affirmatively sought to frustrate Proposed Defendant-Intervenor's right to do so. *See* ECF No. 22 (Plaintiff's opposition to intervention). This Court must not allow Plaintiff to circumvent statutorily prescribed rights and remedies by allowing it to claim without merit that its action is something other than what it is.

As Defendant also sets out in its Motion to Dismiss, this Court also lacks jurisdiction over Plaintiff's true claims, against Commerce's determinations, as Plaintiff failed to take any of the statutorily required actions to timely challenge those determinations, either before this Court following Commerce's investigations or by seeking an administrative review from the agency. ECF No. 32 at 10-13. And not only is Plaintiff now time-barred from raising its challenges to Commerce's 2019 AD and CVD determinations to this Court under 19 U.S.C. § 1581, even if that jurisdictional bar did not apply this Court would still need to dismiss Plaintiff's claims, because Plaintiff failed to exhaust its administrative remedies. *See* 28 U.S.C. § 2637(d). Plaintiff failed to exhaust any remedies before the agency by making no effort to participate before Commerce and failing to raise any of these challenges at that level. Instead, Plaintiff chose to sit on any rights it may believe it has for years before deciding to make any exertion to pursue its claims. Such tardiness is not permitted by the statute and necessitates dismissal by this Court.

Because the true nature of Plaintiff's challenge clearly does not lie under 28 U.S.C. § 1581(a) and Plaintiff cannot now find jurisdiction under 28 U.S.C. § 1581(i) for its true claims, as well as for the other reasons set out in Defendant's Motion to Dismiss and explained above, this Court must dismiss Plaintiff's challenge. Proposed Defendant-Intervenor joins with Defendant in urging this Court to dismiss this action in full and with prejudice, as quickly as practicable to avoid any further unnecessary waste of time and effort by the Court and the parties.

Respectfully Submitted,

/s/ Nicholas J. Birch
 Roger B. Schagrin
Nicholas J. Birch
SCHAGRIN ASSOCIATES
900 Seventh Street, N.W.
Suite 500
Washington, D.C. 20001
*Counsel for Accuride
Corporation*

Dated: May 4, 2022